UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA SPENCER HILL,

    Petitioner,

v.

SUMER BROOKS,

    Respondent.

Case No. 20-cv-04026-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

This action was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1] Petitioner, a state prisoner proceeding *pro se*, filed an incomplete habeas corpus petition form. *See* Dkt. 1. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which is GRANTED. Dkt. 5.

## II.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Here, it is unclear exactly what Petitioner is challenging. As mentioned, the petition is incomplete. Petitioner states under his "concerns" that he is challenging a "Sexual Assault . . .

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

Sexual Harassment & Rape on Gabrielle Sierra Hill." Dkt. 1 at 2. Petitioner indicates that he is in custody due to a "civil commitment," and he lists "Use of Force with a Deadly Weapon" under the "reason for civil commitment." *Id.* Petitioner's "grounds for relief" is difficult to decipher due to his poor penmanship. *Id.* at 3. It seems that Petitioner is attempting to raise a challenge to the aforementioned sexual assault case based on the following statements: "Sumer Brooks has been useing [sic] false aligations [sic] . . . . Youngest daughter Gabrielle Sierra Hill was molested . . . Sumer Brooks' second father of her son. I was in prison during this situation." *Id.* Again, Petitioner's handwriting is difficult to understand, and most of his claims are undecipherable. *Id.* Under "supporting facts," the Court has been able to decipher that Petitioner claims to be "bipolar" and that he was "diagnosed" as such. *Id.* It is unclear whether Petitioner is also trying to allege claims dealing with his conditions of his confinement. As such, the Court cannot fairly evaluate the petition in its present state, nor can the court be certain that Petitioner intended to file a 28 U.S.C. § 2254 petition at all.

The Court will dismiss the petition with leave to amend in order to allow Petitioner an opportunity to file either a proper 28 U.S.C. § 2254 petition on the enclosed habeas form or a proper 42 U.S.C. § 1983 complaint on the enclosed civil rights form, as further explained below.

**A.  Habeas Petition**

If Petitioner chooses to file a 28 U.S.C. § 2254 petition, he must clearly state his grounds for relief and whether he is challenging his criminal conviction or the execution of his sentence. He must also set out how he has exhausted his claims; that is, the specific actions he undertook to present his claims to the highest state court available (i.e., the Supreme Court of California).

In addition, Petitioner has not named a proper respondent in his habeas petition. He has named a private individual named "Sumer Brooks." Dkt. 1 at 1. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under

Section § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner must identify a proper respondent for his amended petition.

### B.   Civil Rights Complaint

#### 1.  Identifying Defendants

Should Petitioner instead choose to file a 42 U.S.C. § 1983 civil rights complaint, he must name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under section 1983 arises only upon a showing of personal participation by the defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under section 1983, i.e., no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under section 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

#### 2.  Exhaustion of Remedies

Before filing a civil rights complaint, Petitioner must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is

a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

### 3. Filing Fee

The filing fee for a civil rights action is $400.00. However, Petitioner originally filed this case as a habeas corpus action with a $5.00 filing fee. His pending IFP application is being granted because this Court is dismissing his petition with leave to amend. Should Petitioner choose to pursue this action as a civil rights case, then the Court will revoke its Order granting Petitioner's IFP application and deny said application without prejudice to (1) paying the full $400.00 filing fee, or (2) filing another IFP application because Petitioner is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing. (The filing fee will then only be $350.00 because the $50.00 administrative fee is waived for prisoners who are granted IFP status.)

In support of his IFP application, Petitioner must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See* 28 U.S.C. § 1915(a)(1), (2). Under the IFP statute, if the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited

4

to the prisoner's account until the full $350.00 filing fee is paid. *Id.* § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. *See id.* Accordingly, before this action may proceed as a civil rights action, Petitioner must pay the full filing fee, or file another application for leave to proceed IFP with the aforementioned supporting documents, as directed below.

### III.     CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion for leave to proceed IFP is GRANTED. Dkt. 5.

2. The petition is DISMISSED with leave to amend within **twenty-eight (28) days** from the filing date of this Order. Petitioner shall file either a civil rights complaint on the enclosed complaint form or an amended petition on the enclosed habeas form. **Failure to do so within the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

3. Petitioner must write the case number for this action—Case No. 20-cv-04026-YGR (PR)—on the form and complete all sections of the form. He must clearly state his grounds for relief and whether he is challenging his criminal conviction and sentence, the conditions of his confinement, or the execution of his sentence. **Petitioner shall take care to write clearly and legibly, so that the Court can read what he writes.**

If Petitioner chooses to file an amended petition, he must complete the Court's habeas form, and it must include the words "AMENDED PETITION" on the first page. Petitioner must also identify a proper respondent for his amended petition. The amended petition shall be on the Court's form for habeas petitions, a copy of which is enclosed with Petitioner's copy of this Order.

If Petitioner chooses to file a civil rights action, he must complete the Court's civil rights complaint form, a copy of which is enclosed with his copy of this Order. Furthermore, Petitioner must pay the requisite $400.00 filing fee in this action no later than **twenty-eight (28) days** from

5

the date of this Order. He shall include with his payment a clear indication that it is for the above-referenced case number, Case No. 20-cv-04026-YGR (PR). In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later **than twenty-eight (28) days** from the date of this Order. **Failure to pay the filing fee or file the requisite documents (along with his completed civil rights complaint form) within the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of the Court shall send Petitioner a blank civil rights complaint form, a blank habeas corpus petition form, and a blank prisoner IFP application form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 13, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

6